Robert P. McDANIEL, Plaintiff-Appellee-Cross Appellant,

v.

The FULTON NATIONAL BANK OF ATLANTA, Defendant-Appellant-Cross Appellee.

Jan T. BARKSDALE, Plaintiff-Appellee,

v.

PEOPLES FINANCIAL CORP. OF ALPHARETTA, Defendant-Appellant.

James R. BARRETT et al., Plaintiffs-Appellees,

v.

VERNIE JONES FORD, INC., et al., Defendants-Appellants.

Nos. 75–2410, 75–2514 and 75–2515.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

Marion H. Allen, III, Richard R. Cheatham, Atlanta, Ga., for Fulton Nat. Bank of Atlanta.

E. Lundy Baety, Atlanta, Ga., for Robert P. McDaniel.

Albert C. Ruehmann, III, Richard R. Cheatham, Atlanta, Ga., for Peoples Financial Corp. of Alpharetta and Vernie Jones Ford, Inc.

Graydon W. Florence, Jr., Atlanta, Ga., for Jan T. Barksdale.

Mary Joyce Johnson, N. David Buffington, Atlanta, Ga., for James R. Barrett.

Sewell K. Loggins, Douglas N. Campbell, Atlanta, Ga., for amicus curiae Beneficial Finance Co.

Ernest L. Sarason, Jr., Willard Ogburn, Boston, Mass., for amicus curiae Nat. Consumer Law Center, Inc.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

These three truth-in-lending cases commenced in three suits filed in the Northern District of Georgia, which having been considered by magistrates were then decided by three different district judges. In all cases, judgment was had in favor of the plaintiffs and against the respective defendants. The sole question in issue was whether the Act, 15 U.S.C. § 1638(a)(9) and Regulation Z, § 226.8(b)(4) required a creditor to disclose as a default charge the fact that the loan agreement gave him the contract right to accelerate and demand payment of the entire indebtedness, including unearned finance charges.

When these three cases were heard on appeal, this Court had decided another case, *Martin v. Commercial Securities Co.*, 539 F.2d 521 (5th Cir. 1976), in which the Court held that the right to accelerate and demand such unearned finance charges was not such a "default, delinquency, or similar charge." Thus, this Court, considering itself bound by the *Martin* decision, reversed the judgments of the district court, stating that:

> The established policy of this Court is to recognize the binding effect of a prior decision by another panel of the Court subject only to a reversal by the Court sitting en banc.

Thereupon a petition for rehearing en banc was filed and the Court by appropriate vote reheard the case en banc. The en banc opinion has now been published, and a petition for rehearing has been denied, 571 F.2d 948, 576 F.2d 1156 (5th Cir. 1978).

The en banc court, having reversed the holding in *Martin* and the panel decision in these three captioned cases relying on that decision, remanded the cases to the panel for final disposition.

The decision of this Court, sitting en banc, requires our affirmance of the three judgments in the district court.

The judgments are AFFIRMED.